## In the Matter of Paul J. FOSTER, Debtor.

Bankruptcy No. 89–57.
Motion No. 89–22.

United States Bankruptcy Court,
D. Delaware.

March 6, 1989.

Nivea R. Castro–Figueroa, Wilmington, Del., for debtor/plaintiff.

Diane J. Bartels, Deputy Atty. Gen., Wilmington, Del., for defendant.

Paul L. Regan, Wilmington, Del., for creditors Louise and Joseph Davis.

## BENCH DECISION

HELEN S. BALICK, Bankruptcy Judge.

The debtor, Paul J. Foster, has moved to enforce the automatic stay provisions of §362(a) of title 11, United States Code. The motion does not ask that any individual be held in contempt. I view the motion as asking for a declaratory judgment as to whether the automatic stay provisions of § 362(a)(1), (2) and (6) are applicable to a hearing held before Judge Poling of Justice of the Peace Court # 13 on February 2, the day following the filing of Foster's Chapter 13 bankruptcy case.

That hearing was requested by counsel for Louise and Joseph L. Davis who filed a motion to hold Foster in contempt for failure to pay a judgment on a security deposit. The judgment in favor of the Davises entered December 12 in accordance with 25 *Del.C.* § 5511(f) is $660 plus court costs and interest representing a security deposit of $330 that Foster failed to return after evicting the Davises in July 1988. Foster neither appealed nor paid the judgment. His failure to pay within 20 days, absent an appeal, is considered a contempt of court as a matter of law under § 5511(f) punishable as a civil contempt by imposition of a fine not exceeding $100 or imprisonment not exceeding 170 days. If imprisoned, a person may obtain release by complying with the rule, the law or the order which has been disobeyed. 10 *Del.C.* § 9506.

The automatic stay provisions of § 362(a) are applicable to all "entities." Entities defined in § 101(14) of title 11, United States Code includes person and governmental units.

Thus, § 362(a)(1) operates to prohibit persons and governmental units from continuing a judicial action or proceeding that was commenced against a debtor before a bankruptcy case was filed. Section 362(a)(2) prohibits persons and governmental units from enforcement against a debtor or against property of an estate of a judgment obtained before the commencement of the bankruptcy case. Sections 362(b)(4) and (5) remove from this prohibition the continuation of actions or proceedings by a governmental unit to enforce its police or regulatory power and the enforcement of a judgment (other than a money judgment) obtained in an action or proceeding by a governmental unit to enforce its police or regulatory power.

The hearing scheduled for February 2 was not the continuation of an action by a governmental unit to enforce its police or regulatory power nor was there any judgment in favor of a governmental unit obtained in an action to enforce that governmental unit's police or regulatory power.

The hearing scheduled for February 2 was a continuation of the action commenced by the Davises against Foster which resulted in a money judgment in favor of the Davises before Foster filed his Chapter 13 case. Therefore, any action taken subsequent to the bankruptcy filing falls squarely within the prohibition of § 362(a)(1) and (2).

Moreover, the contempt with which we are concerned in this case is an accomplished fact by operation of law and the purpose of scheduling a hearing is to impose the punishment for that contempt, not to find a contempt. The punishment provisions of 10 *Del.C.* § 9506 which permits imprisonment for up to 170 days with the ability on the part of the individual to gain release upon compliance with the law can be utilized as a means of collecting a money judgment. That is not to say it would have been the case here but because that possibility exists, § 362(a)(6) prohibits the continuation of the Davis' action against Foster.

The consequences of having proceeded in violation of the automatic stay provisions is that the action taken subsequent to the filing of Foster's bankruptcy petition is void. Therefore, Foster is not in contempt for failing to appear on February 2 and the capias must be retired.